UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DAYS INNS WORLDWIDE, INC.,**  *Plaintiff*,  v.  **VINOD & SONS, INC.,**  *Defendant*. | Civil Action No. 15-4318  **OPINION** |

**ARLEO, UNITED STATES DISTRICT JUDGE**

This matter comes before the Court by way of Plaintiff Days Inns Worldwide, Inc.'s ("DIW") Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). Dkt. No. 8. For the reasons stated below, the motion is **GRANTED**.

**I.    BACKGROUND**

DIW is a Delaware corporation with its principal place of business in Parsippany, New Jersey. Compl. ¶ 1, Dkt. No. 1. It licenses the operation of Days Inn hotels. Id. Defendant Vinod & Sons, Inc. ("VS") is a Florida corporation with its principle place of business in Port Orange, Florida. Id. ¶ 2. On August 3, 2015, DIW and VS entered into a license agreement ("License Agreement") for the operation of a 170-room Days Inn hotel (the "Facility") in Daytona Beach, Florida. Id. ¶ 6.

Pursuant to the License Agreement, VS was obligated to operate the Facility for a twenty-year term. Id. ¶ 7. In operating the Facility, VS was required to make periodic payments to DIW for royalties, system assessments, taxes, interest, reservation system user fees, and other fees,

1

(collectively, "Recurring Fees"), id. ¶ 8; prepare and submit monthly reports to DIW disclosing, among other things, the amount of gross revenue earned at the Facility, id. ¶ 10; and maintain accurate financial information relating to the gross room revenue, and allow DIW to examine, audit, and make copies of the financial information, id. ¶ 11.  The License Agreement states that any delinquent amounts owed would be assessed interest at a rate of 1.5% per month, or the maximum rate allowed by law, whichever is less.  Id. ¶ 9.  The License Agreement also provides that the non-prevailing party shall pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party in enforcing the License Agreement.  Id. ¶ 13.

DIW could terminate the License Agreement without notice for various reasons, including if VS discontinued operating the Facility as a Days Inn hotel or lost possession or the right to possession of the Facility.  Id. ¶ 12.  VS lost possession of the Facility to a third party on October 13, 2011.  Id. ¶ 14.  At the time, it owed Recurring Fees to DIW pursuant to the License Agreement.  Id. ¶ 15.  VS has failed to pay the outstanding fees.  Id. ¶ 16.

DIW filed the instant lawsuit against VS on June 24, 2015, seeking to recover all unpaid fees.  Dkt. No. 1.  VS failed to answer or otherwise defend against the Complaint.  On September 11, 2015, DIW petitioned the Clerk of the Court for an entry of default against VS pursuant to Fed. R. Civ. P. 55(a).  Dkt. No. 6.  The Clerk of the Court entered default against VS on September 14, 2015.  Dkt. No. 7.

**II.    STANDARD OF REVIEW**

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred."  Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008).

Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages.  See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011).   Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages.  See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

Additionally, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default.  Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

### III. ANALYSIS

#### A. Jurisdiction & Service

The Court has both subject matter jurisdiction over this dispute and personal jurisdiction over Defendant.  Subject matter jurisdiction here is present pursuant to diversity under 28 U.S.C. § 1332.  The Court also has personal jurisdiction over Defendant based upon consent to jurisdiction in this district in the License Agreement.  See Affidavit of Suzanne Fenimore ("Fenimore Aff.") Ex. A ¶ 17.6.3, Dkt. No. 8-3.  Plaintiff also provided the Court with proof of service of Defendant at the address of Defendant's authorized agent, Kala Rama, in Daytona Beach, Florida.  See Aff. of Service, Dkt. No. 5.  Thus, the Court is satisfied that it has

jurisdiction to enter default judgment and that Defendant was properly served.

### B. Liability

"A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Comdyne I, 908 F.2d at 1149. The Complaint pleads facts which, taken as true, establish Defendant's liability for breach of contract.[1]

In New Jersey, a plaintiff must allege three elements to state a cause of action for breach of contract: (1) a valid contract, (2) breach of that contract, and (3) damages resulting from that breach.[2] Ramada Worldwide Inc. v. Courtney Hotels USA, LLC, No. 11-896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012). Here, Plaintiff has alleged that (1) there was a contractual relationship based on the License Agreement, Compl. ¶¶ 6-13; (2) Defendant breached the contract when it failed to pay outstanding fees after losing possession of the Facility to a third party, id. ¶¶ 14-16; and (3) Plaintiff suffered resulting damages in the amount of $146,351.17, id. ¶¶ 15-16; Fenimore Aff. Ex. B. Therefore, Plaintiff has sufficiently alleged a cause of action for breach of contract.

### C. Appropriateness of Default Judgment

Next, the Court must consider (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, 250 F.R.D. at 177. The Court concludes that in the

---

[1] Plaintiff's other causes of action—including unjust enrichment—would not alter the damages in this case, so the Court does not analyze the sufficiency of those pleadings.

[2] Although the franchise at issue was located in Florida, the License Agreement provides that the agreement shall be governed by and constructed under New Jersey law, except for conflicts of law principles. Fenimore Aff. Ex. A ¶ 17.6.1.

4

absence of any responsive pleading and based upon the facts alleged in the Complaint, Defendant does not have a meritorious defense.  See Ramada, 2012 WL 924385, at *5.  Second, the Court finds that Plaintiff will suffer prejudice absent entry of default judgment as it would have no other means of obtaining relief.  Finally, the Court finds the Defendant acted culpably as it has been served with the Complaint, is not an infant or otherwise incompetent, and is not presently engaged in military service.  See Certification of Bryan Couch, Esq. ¶ 10, Dkt. No. 8-2; Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

### D. Monetary Damages

Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, Plaintiff must prove damages.  See Comdyne I, 908 F.2d at 1149.  DIW seeks judgment in the amount of $146,351.17.  Fenimore Aff. ¶ 13.  This consists of (1) $76,893.57 in Recurring Fees owed under the License Agreement, and (2) $69,457.60 in prejudgment interest.[3]

Section 7 of the License Agreement requires Defendant to pay Recurring Fees, which includes royalties, system assessment fees, service charges, and taxes on any past due amount. Fenimore Aff. Ex. A ¶ 7.  DIW provides an itemized statement of the overdue Recurring Fees

---

[3] DIW does not request attorneys' fees and costs, nor does it submit any documentation addressing the issue.  See Mot. for Default J., Dkt. No. 8.

prove it is owed the requested $76,893.57.[4]  See Fenimore Aff. Ex. B.  Plaintiff also seeks payment of interest.  Section 7.3 of the License Agreement entitles Plaintiff to prejudgment interest on past-due recurring fees at a rate of 1.5 percent per month "accruing from the due date until the amount is paid."  Fenimore Aff. Ex. A ¶ 7.3.  The invoice dates from which VS's past-due recurring fees began accruing interest range from February 2010 to January 2012.  Fenimore Aff. Ex. B.  The Court is satisfied that the interest accrued from these dates, at a rate of 1.5% per month as provided by the License Agreement, matches the amount requested by DIW.  Combining the principal outstanding balance and the accrued interest equals the damages Plaintiff requests.  Therefore, DIW is entitled to default judgment in the total amount of $146,351.17.

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment is **GRANTED**.  An appropriate order accompanies this opinion.

Dated: May 6, 2016                                           */s Madeline Cox Arleo*
                                                                             **MADELINE COX ARLEO**
                                                                             **United States District Judge**

---

[4] Due to Defendant's failure to report gross room revenue in September and October of 2011 as required by the License Agreement, Compl. ¶¶ 18-20, DIW's itemized statement calculates recurring fees for these months based on estimated gross room revenues, Fenimore Aff. Ex. B. Given that DIW's estimated monthly revenues closely mirror VS's previously reported monthly revenues, the Court finds that DIW's estimates are a reasonable approximation of the Facility's actual gross room revenues for September and October of 2011.  See, e.g., Days Inns Worldwide, Inc. v. Apurva, L.C., No. 08-1441, 2009 WL 2568099, at *3 (D.N.J. Aug. 18, 2009) (accepting plaintiff's estimates of gross room revenue as adequate for proving damages).